1  **JAMES R. GREINER, ESQ.**
   I rememberCALIFORNIA STATE BAR NUMBER 123357
2  **LAW OFFICES OF JAMES R. GREINER**
   555 UNIVERSITY AVENUE, SUITE 290
3  SACRAMENTO, CALIFORNIA 95825
   TELEPHONE:(916) 649-2006
4  FAX: (916) 920-7951
   E MAIL: jaygreiner@midtown.net
5
   ATTORNEY FOR DEFENDANT
6  ADRIAN ORTEGA DIAZ

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,    )    CR.-S-08-357-WBS
11                              )
          PLAINTIFF,             )    STIPULATION AND ~~PROPOSED~~ ORDER
12                              )    TO CONTINUE STATUS CONFERENCE
       v.                        )    TO MONDAY, DECEMBER 13, 2010
13                              )
   HUBERT MARIO RAMIREZ, et al., )
14                              )
                                )
15        DEFENDANTS.            )
   _____)
16

17       Plaintiff United States of America, by its counsel, Assistant United States

18  Attorney, Mr. Michael M. Beckwith, and 1)defendant MIGUEL VILLA-

19  CONTRERAS, by his attorney Mr. Mark J. Reichel;  and defendant 3)ADRIAN

20  ORTEGA-DIAZ , by his attorney Mr. James R. Greiner, hereby stipulate and agree

21  that the status conference calendared for **Monday, November 1,  2010 at 8:30 a.m.**

22  before the Honorable Senior District Court Judge, William B. Shubb, may be

23  continued to **Monday, December 13,  2010, at 8:30 a.m.**

24       The Court's courtroom deputy, Ms. Karen Kirksey Smith, was contacted to

25  ensure the Court's calendar was available for that date and the Court is available on

26  **Monday, December 13, 2010.**

27       The other defendants have pled guilty in this case and are not apart of this

28
                                      1

stipulation.

## BACKGROUND OF THE CASE

The indictment in this case was filed on August 7, 2008. (See Docket Entry #1) On August 12, 2008, ten (10) of the twelve made their first appearance before the magistrate court. At that time the government and the defense agreed to set a status conference on Monday, October 10, 2008. The defense had not yet been provided discovery in the case. In addition, the government and the defense agreed to exclude time from the Speedy Trial Act under Local Code T-2 (complexity of case) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 and Title 18 U.S.C. section 3161(h)(8)(B)(iv) (See Docket Entry # 15).

By August 13, 2008, all the defendants had made their initial appearance in magistrate Court. (See Docket Entry # 27)

By on or about August 30, 2008, the government had produced the initial discovery in the case consisting of a CD and hard copy documents.

Then the government produced new and additional discover to the defense the week of June 8, 2009.

The defense has had some of the recordings transcribed and translated and the defense is in the process of reviewing these with their clients. In addition, the defense is making a determination about whether the remainder of the transcripts should be translated. This review requires additional time for both the defendants and counsel to adequately review and discuss the impact on each defendant's case.

The potential penalties are large, with all of the defendants facing a potential mandatory minimum of 10 years in federal prison, except for defendant ADRIAN ORTEGA DIAZ, who faces a potential mandatory minimum of 20 years in federal prison.

The government and the defense agree to exclude time from the Speedy Trial Act under **Local Code T-2** (complexity of case) and Title 18 U.S.C. section

3161(h)(8)(B)(ii)and **Local Code T-4** and Title 18 U.S.C. section 3161(h)(7)(B)(iv) (See Docket Entry # 15) from **Monday, October 18, 2010, to Monday, November 1, 2010**, with the following reasons for the finding by the Court to exclude time under the Speedy Trial Act:

  1- the number of original defendants, being large presents complex issues across the board of this case as they plead,

  2- the number of legal issues with the numbers of original defendants is complex and complex due to the number of defendants that have pled guilty,

  3-the number of legal issues with the number of original defendants is interwoven and remains interwoven with the remaining defendants which adds to the complexity of the legal research,

  4-the government has alleged a conspiracy which presents complex factual issues which must be reviewed in the discovery by the defense counsel and then discussing these complex factual issues of conspiracy with the defendants themselves and the complexity of the defendants that have pled guilty along with the information in the discovery and discussing all of this with the defendants,

  5-with the allegation of conspiracy, the defense is also faced with complex legal issues which must be researched and then fully discussed with the defendants,

  6- the investigation in the case is on going by the defense,

  7-the other defendants that have pled guilty put the case into a different posture that must be examined and reviewed by the remaining parties,

  8-the defense is attempting to obtain additional discovery from the government that is material both to the case and to the good faith discussions in attempting to resolve this matter,

  9-the defense is in the process of reviewing those transcripts that have been translated. This will take additional time for the adequate review by both the

3

1 defendant's and counsel. In addition, the defense will make a determination while
2 reviewing the transcripts that have been translated, whether the remainder of the
3 transcripts should be translated.

4     The parties stipulate and agree that time under the Speedy Trial Act shall
5 continue be excluded **from Monday, November 1, 2010 up to and including**
6 **Monday, December 13, 2010, under** the Speedy Trial Act under **Local Code T-2**
7 (**complexity of case**) and Title 18 U.S.C. section 3161(h)(7)(B)(ii)and **Local Code T-**
8 **4** (**time for defense counsel preparation**) and Title 18 U.S.C. section
9 3161(h)(7)(B)(iv).

    Respectfully submitted,

    BENJAMIN B. WAGNER
    UNITED STATES ATTORNEY

    /s/ Michael Beckwith by e mail authorization

DATED: 10-28-10     _____
    MICHAEL BECKWITH
    ASSISTANT UNITED STATES ATTORNEY
    ATTORNEY FOR THE PLAINTIFF

DATED: 10-28-10     /s/ MARK REICHEL by e mail authorization
    _____
    MARK REICHEL
    ATTORNEY FOR DEFENDANT
    VILLA-CONTRERAS

DATED: 10-28-10

    /s/ JAMES R. GREINER
    _____
    JAMES R. GREINER
    ATTORNEY FOR DEFENDANT ORTEGA-DIAZ

4

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, **November 1, 2010, to and including December 13, 2010,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).

///
///
///

5

It is further ordered that the **Monday, November 1, 2010, status conference** shall be continued until **Monday, December 13, 2010**, at 8:30 a.m.

**FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**

DATED: OCTOBER 29, 2010

*[Signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE