**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
ADRIAN ORTEGA DIAZ

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>HUBERT MARIO RAMIREZ, et al., )<br>)<br>)<br>DEFENDANTS. )<br>_____) | CR.-S-08-357-WBS<br><br>STIPULATION AND ~~PROPOSED~~ ORDER TO CONTINUE STATUS CONFERENCE TO MONDAY, FEBRUARY 7, 2011 |

Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Michael M. Beckwith, and 1)defendant MIGUEL VILLA-CONTRERAS, by his attorney Mr. Mark J. Reichel; and defendant 2)ADRIAN ORTEGA-DIAZ , by his attorney Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for **Monday, December 13,  2010 at 8:30 a.m.** before the Honorable Senior District Court Judge, William B. Shubb, may be continued to **Monday, February 7,  2011, at 8:30 a.m.**

The other defendants have pled guilty in this case and are not apart of this stipulation.

The potential penalties are large, with all of the defendants facing a potential mandatory minimum of 10 years in federal prison, except for defendant ADRIAN

1

ORTEGA DIAZ, who faces a potential mandatory minimum of 20 years in federal prison.

The government and the defense agree to exclude time from the Speedy Trial Act under **Local Code T-2** (complexity of case) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and **Local Code T-4** and Title 18 U.S.C. section 3161(h)(7)(B)(iv) (See Docket Entry # 15) from **Monday, December 13, 2010,  to Monday, February 7,  2011**, with the following reasons for the finding by the Court to exclude time under the Speedy Trial Act:

1- the number of original defendants, being large  presents complex issues across the board of this case as they plead,

2- the number of legal issues with the numbers of original defendants is complex and complex due to the number of defendants that have pled guilty,

3-the number of legal issues with the number of original defendants is interwoven and remains interwoven with the remaining defendants which adds to the complexity of the legal research,

4-the government has alleged a conspiracy which presents complex factual issues which must be reviewed in the discovery by the defense counsel  and then discussing these complex  factual issues of conspiracy with the defendants themselves and the complexity of the defendants that have pled guilty along with the information in the discovery and discussing all of this with the defendants,

5-with the allegation of conspiracy, the defense is also faced with complex legal issues which must be researched and then fully discussed with the defendants,

6- the investigation in the case is on going by the defense,

7-the other defendants that have pled guilty put the case into a different posture that must be examined and reviewed by the remaining parties,

8-the defense is attempting to obtain additional discovery from the

1  government that is material both to the case and to the good faith discussions in
2  attempting to resolve this matter,
3         9-the defense is in the process of reviewing those transcripts that have
4  been translated. This will take additional time for the adequate review by both the
5  defendant's and counsel. In addition, the defense will make a determination while
6  reviewing the transcripts that have been translated, whether the remainder of the
7  transcripts should be translated;
8        10- The parties have been and continue to be engaged in good faith
9  negotiations in attempting to resolve this case short of trial which would allow both
10  the Court and the government to conserve resources;
11        11- Defense counsel for defendant Adrian Ortega Diaz, James R. Greiner,
12  has been involved in **two** multi-defendant Federal Jury Trials starting in September,
13  2010 and going through December 9, 2010.
14     The parties stipulate and agree that time under the Speedy Trial Act shall
15  continue be excluded **from Monday, December 13, 2010 up to and including**
16  **Monday, February 7, 2011, under** the Speedy Trial Act under **Local Code T-2**
17  (**complexity of case**) and Title 18 U.S.C. section 3161(h)(7)(B)(ii)and **Local Code T-**
18  **4** (**time for defense counsel preparation**) and Title 18 U.S.C. section
19  3161(h)(7)(B)(iv).

20                      Respectfully submitted,
21                      BENJAMIN B. WAGNER
                        UNITED STATES ATTORNEY
22
23                      /s/ Michael Beckwith by e mail authorization
DATED: 12-9-10            _____
24                      MICHAEL BECKWITH
                    ASSISTANT UNITED STATES ATTORNEY
25                      ATTORNEY FOR THE PLAINTIFF
26
27  DATED: 12-9-10            /s/ MARK REICHEL by e mail authorization
                    _____
28
                               3

<pre>
                                    MARK REICHEL
                                    ATTORNEY FOR DEFENDANT
                                    VILLA-CONTRERAS

DATED: 12-9-10

                                    /s/ JAMES R. GREINER
                                    _____
                                    JAMES R. GREINER
                                    ATTORNEY FOR DEFENDANT ORTEGA-DIAZ
</pre>

### ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, **December 13, 2010, to and including February 7, 2011,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).

///

///

1  ///

4  It is further ordered that the **Monday, December 13, 2010, status conference**
5  shall be continued until **Monday, February 7, 2011**, at 8:30 a.m.

8  **FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**

11  DATED:  **December 14, 2010**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE