**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
ADRIAN ORTEGA DIAZ

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-08-357-WBS |
| ) | |
| PLAINTIFF, ) | STIPULATION AND ~~PROPOSED~~ ORDER |
| ) | TO CONTINUE STATUS CONFERENCE |
| v. ) | TO MONDAY, MARCH 14, 2011 |
| ) | |
| ADRIAN ORTEGA-DIAZ and ) | |
| MIGUEL VILLA-CONTRAREAS, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____) | |

  Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Michael M. Beckwith, and 1)defendant **MIGUEL VILLA-CONTRERAS**, by his attorney Mr. Mark J. Reichel; and defendant **2)ADRIAN ORTEGA-DIAZ**, by his attorney Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for **Monday, February 28, 2011 at 8:30 a.m.** before the Honorable Senior District Court Judge, William B. Shubb, may be continued to **Monday, March 14, 2011, at 8:30 a.m.**

  The other defendants have pled guilty in this case and are not apart of this stipulation.

  The potential penalties are large, with all of the defendants facing a potential mandatory minimum of 10 years in federal prison, except for defendant ADRIAN ORTEGA DIAZ, who faces a potential mandatory minimum of 20 years in federal prison.

  The government and the defense agree to exclude time from the Speedy Trial Act

1

1  under **Local Code T-2** (complexity of case) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and
2  **Local Code T-4** and Title 18 U.S.C. section 3161(h)(7)(B)(iv) (See Docket Entry # 15) from
3  **Monday, February 28, 2011, to Monday, March 14, 2011**, with the following reasons for
4  the finding by the Court to exclude time under the Speedy Trial Act:

5      1- the number of original defendants, being large presents complex issues
6  across the board of this case as they plead,

7      2- the number of legal issues with the numbers of original defendants is
8  complex and complex due to the number of defendants that have pled guilty,

9      3-the number of legal issues with the number of original defendants is
10  interwoven and remains interwoven with the remaining defendants which adds to the
11  complexity of the legal research,

12      4-the government has alleged a conspiracy which presents complex factual
13  issues which must be reviewed in the discovery by the defense counsel and then discussing
14  these complex factual issues of conspiracy with the defendants themselves and the
15  complexity of the defendants that have pled guilty along with the information in the
16  discovery and discussing all of this with the defendants,

17      5-with the allegation of conspiracy, the defense is also faced with complex
18  legal issues which must be researched and then fully discussed with the defendants,

19      6- the investigation in the case is on going by the defense,

20      7-the other defendants that have pled guilty put the case into a different posture
21  that must be examined and reviewed by the remaining parties,

22      8-the defense is in the process of reviewing those transcripts that have been
23  translated. This will take additional time for the adequate review by both the defendant's and
24  counsel. In addition, the defense will make a determination while reviewing the transcripts
25  that have been translated, whether the remainder of the transcripts should be translated;

26      9- The parties have been and continue to be engaged in good faith negotiations
27  in attempting to resolve this case short of trial which would allow both the Court and the

28

1  government to conserve resources;

2  10- Defense counsel for defendant Adrian Ortega Diaz, James R. Greiner, has been involved in **two** multi-defendant Federal Jury Trials starting in September, 2010 and going through December 9, 2010.

The parties stipulate and agree that time under the Speedy Trial Act shall continue be excluded **from Monday, February 28, 2011 up to and including Monday, March 14, 2011, under** the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A)(B)(ii), and Local Code T-2 (unusual and complex case).  In addition, all parties stipulate that the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.**

Counsel for all parties stipulate that the ends of justice are served by the Court excluding such time, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18U.S.C. section 3161(h)(7)(B)(iv),

and all parties stipulate that time should be excluded under 18 U.S.C. section 3161(h)(7)(A) and **Local Code T-4.**

Respectfully submitted,

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

/s/ Michael Beckwith by e mail authorization

DATED: 2-24-11       _____
MICHAEL BECKWITH
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR THE PLAINTIFF

DATED: 2-24-11       /s/ MARK REICHEL by e mail authorization
_____
MARK REICHEL
ATTORNEY FOR DEFENDANT
VILLA-CONTRERAS

3

DATED: 2-24-11

/s/ JAMES R. GREINER
_____
JAMES R. GREINER
ATTORNEY FOR DEFENDANT ORTEGA-DIAZ

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, **February 28, 2011,  to and including March 14, 2011,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A)(B)(ii), and Local Code T-2 (unusual and complex case).  In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.**  Counsel for all parties stipulate that the ends of justice are served by the Court excluding such time, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18U.S.C. section 3161(h)(7)(B)(iv), and therefore time should be excluded under 18 U.S.C. section 3161(h)(7)(A) and **Local Code T-4.**

4

1  It is further ordered that the **Monday, February 28, 2011, status conference** shall be
2 continued until **Monday, March14, 2011**, at 8:30 a.m.

3

4

5  **FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**

6

7

8 DATED:  **February 25, 2011**

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE