1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   UNITED STATES OF AMERICA,          CR. NO. 2:08-357 WBS

13                  Plaintiff,

14        v.                            ORDER RE: MOTION TO REDUCE
                                        SENTENCE PURSUANT TO 18 U.S.C.
15   ADRIAN ORTEGA-DIAZ,                § 3582(c)(2)

16                  Defendant.

17

18

19                              ----oo0oo----

20             On March 14, 2011, defendant Adrian Ortega-Diaz pleaded

21   guilty to Counts One and Three of the Indictment pursuant to a

22   written plea agreement.  (Docket No. 177.)  Count One charged

23   defendant with conspiracy to possess with intent to distribute

24   over 500 grams of methamphetamine in violation of 21 U.S.C.

25   §§ 846 and 841(a)(1), and Count Three charged him with conspiracy

26   to manufacture over 1000 plants of marijuana in violation of 21

27   U.S.C. §§ 846 and 841(a)(1).  (Presentence Report ("PSR") ¶ 1.)

28             At defendant's sentencing hearing on September 12,

                                      1

1    2011, the court found that defendant's total offense level was 34

2    and his criminal history category was II, resulting in a

3    guideline range of 168 to 210 months.  (Docket No. 203; PSR ¶ 5.)

4    After considering the factors in 18 U.S.C. § 3553(a), the court

5    varied downward from the guideline range and imposed a sentence

6    of 135 months on each of Counts One and Three, to be served

7    concurrently.  (Docket Nos. 206, 226.)

8         Defendant moves to reduce his sentence pursuant to 18

9    U.S.C. § 3582(c)(2) based on Amendment 782 to the United States

10   Sentencing Guidelines ("U.S.S.G.").  (Mot. (Docket No. 275).)[1]

11   That amendment retroactively modifies § 2D1.1's Drug Quantity

12   Table and reduces by two points the base offense level for most

13   federal drug offenses.  See U.S.S.G. app. C supp., amend. 782

14   (2014).  Pursuant to Amendment 782, defendant's amended total

15   offense level is 32 and his criminal history category is II,

16   which results in an amended guideline range of 135 to 210 months.

17        To grant a motion under 18 U.S.C. § 3582(c)(2), the

18   "court must first determine that a reduction is consistent with

19   § 1B1.10."  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

20   Section 1B1.10 provides that "the court shall not reduce the

21   defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and

22   this policy statement to a term that is less than the minimum of

23   the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A)

24   (2015).[2]  Because defendant's original sentence of 135 months is

---

25        [1]    Defendant originally filed his motion pro se.  (See
26   Docket Nos. 264, 265, 268.)  The court then appointed counsel to
     represent defendant, (Docket No. 270), and defendant subsequently
27   filed this motion amending his previously-filed pro se motions.
          [2]    There is an exception for defendants who provide
28   "substantial assistance to authorities," id. § 1B1.10(b)(2)(B),

1    at the bottom of his amended guideline range, defendant is

2    ineligible for a sentence reduction pursuant to 18 U.S.C.

3    § 3582(c)(2).  E.g., United States v. Tercero, 734 F.3d 979, 981

4    (9th Cir. 2013) (holding that "the district court correctly

5    interpreted and applied both § 3582(c) and § 1B1.10" in denying

6    the defendant's motion to reduce his sentence "because U.S.S.G.

7    § 1B1.10(b)(2)(A) prohibits reductions below the low end of the

8    adjusted Guidelines range").

9          Defendant acknowledges that, under the current version

10   of § 1B1.10, "district courts cannot reduce a sentence below the

11   bottom of [the] amended range and generally cannot consider

12   departures or variances in determining a defendant's eligibility

13   for a § 3582(c)(2) reduction."  (Mot. at 3.)  Defendant argues,

14   however, that the current version of § 1B1.10 violates the Ex

15   Post Facto Clause of the United States Constitution because under

16   the version of § 1B1.10 that was in effect in July 2008, when

17   defendant committed his offenses, a district court had discretion

18   to lower a defendant's sentence below the amended guidelines

19   range.  (Id. at 4-7.)  Defendant thus asks the court to apply the

20   version of § 1B1.10 contained in the 2007 Guidelines Manual and

21   its May 1, 2008 Supplement and reduce his sentence to 120 months.

22   (Id. at 6.)

23         The version of § 1B1.10 contained in the 2007

24   Guidelines Manual and its May 1, 2008 Supplement provided that,

25   if a defendant was originally sentenced below the guideline range

26   applicable to the defendant at the time of sentencing, "a

27

28   but that exception does not apply here.

1    reduction comparably less than the amended guideline range . . .

2    may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (2007 & Supp.

3    May 1, 2008). "However, if the original term of imprisonment

4    constitute[d] a non-guideline sentence determined pursuant to 18

5    U.S.C. § 2553(a) . . ., a further reduction generally would not

6    be appropriate." Id. The court here originally sentenced

7    defendant to a term that was below the applicable guideline range

8    pursuant to the factors in 18 U.S.C. § 2553(a). (See Docket Nos.

9    206, 226.) As a result, a further reduction of defendant's

10   sentence "would not be appropriate" even under the version of

11   § 1B1.10 that defendant asks this court to apply. See U.S.S.G.

12   § 1B1.10(b)(2)(B) (2007 & Supp. May 1, 2008).

13          On November 1, 2011, the Sentencing Commission issued

14   Amendment 759, which limited the district court's discretion to

15   reduce a defendant's sentence below the amended guideline range

16   to "cases involving a government motion to reflect the

17   defendant's substantial assistance to authorities." U.S.S.G.

18   app. C (vol. III), amend. 759 at 420 (2011). Amendment 759 made

19   clear that "the general limitation in [§ 1B1.10] continues to be

20   that the court shall not reduce the defendant's term of

21   imprisonment to a term that is less than the minimum of the

22   amended guideline range." Id. The amendment provided that "the

23   court shall use the version of [the § 1B1.10 policy statement]

24   that is in effect on the date on which the court reduces the

25   defendant's term of imprisonment." Id. § 1B1.10 cmt. n.6 (2011).

26          The Ex Post Facto Clause prohibits "the imposition of

27   punishment more severe than the punishment assigned by law when

28   the act to be punished occurred." Weaver v. Graham, 450 U.S. 24,

4

30 (1981) (citing U.S. Const. art. I, § 9, cl. 3).  By its nature, a proceeding under 18 U.S.C. § 3582(c)(2) does not have any bearing on the Ex Post Facto Clause because it cannot increase a punishment; rather, such a proceeding "only applies when a change in sentencing has occurred which will make a law more lenient." United States v. Diggs, 768 F.3d 643, 645 (7th Cir. 2014).

For an amendment to the Sentencing Guidelines to violate the Ex Post Facto Clause, the amendment must present a "sufficient risk of increasing the measure of punishment attached to the covered crimes." Peugh v. United States, 133 S. Ct. 2072, 2082 (2013) (citation omitted).  "[T]here is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." Id. at 2078.  Amendment 759's restriction on the court's discretion to reduce defendant's sentence below the amended guideline range did not increase defendant's punishment here above what it was at the time he committed his crimes in July 2008.  Amendment 759 thus does not violate the Ex Post Facto Clause because it did not increase the punishment "assigned by law when the act to be punished occurred." Weaver, 450 U.S. at 30.

In United States v. Waters, 771 F.3d 679 (9th Cir. 2014) (per curiam), Ninth Circuit held that a district court's application of the post-Amendment 759 version of § 1B1.10 does not violate the Ex Post Facto Clause despite making a defendant ineligible for a sentence reduction pursuant to 18 U.S.C.

1   § 3582(c)(2).  Id. at 681 (citing Diggs, 768 F.3d at 644-46).

2   Like defendant here, Waters had received a generous downward

3   departure at his initial sentencing and later moved to reduce his

4   sentence under § 3582(c)(2).  Id. at 680.  And like defendant

5   here, Waters argued that the court should have applied the

6   version of § 1B1.10 as it existed at the time of his offense on

7   the ground that Amendment 759 violated the Ex Post Facto Clause

8   by restricting the district court's discretion to lower a

9   defendant's sentence below the amended guidelines.  Id.

10          The Ninth Circuit rejected that argument and held that,

11  "so long as the effect of post-conduct amendments to the

12  guidelines is not to increase a defendant's punishment beyond

13  what it would have been without those amendments, there is no ex

14  post facto problem."  Id. at 681 (citation and alterations

15  omitted); see also Moor v. Palmer, 603 F.3d 658, 663 (9th Cir.

16  2010) ("[T]he focus of the ex post facto inquiry is not on

17  whether a legislative change produces some ambiguous sort of

18  'disadvantage,' nor . . . on whether an amendment affects a

19  prisoner's opportunity to take advantage of provisions for early

20  release." (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499,

21  506 n.3 (1995)).  Because defendant here advances essentially the

22  same argument that was rejected in Waters, his argument fails.

23          Accordingly, because the current version of § 1B1.10

24  does not violate the Ex Post Facto Clause and because defendant

25  originally received a sentence at the bottom of his amended

26  guideline range, defendant does not qualify for a sentence

27  reduction pursuant to 18 U.S.C. § 3582(c)(2) and the court must

28  deny his motion.

1          IT IS THEREFORE ORDERED that defendant's amended motion

2    to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2),

3    (Docket No. 278), be, and the same hereby is, DENIED.

4    Dated:  May 23, 2016

5                              WILLIAM B. SHUBB

6                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28